PER CURIAM.
Mary R. Deisner appeals a final judgment of dissolution of marriage, asserting that the trial court abused its discretion in its division of the marital property and in failing to award her periodic alimony in addition to lump sum alimony. We affirm the trial court’s division of property and reverse on the issue of periodic alimony.
The parties were married in 1963 and separated from July, 1975 to November, 1978, when they attempted a reconciliation. The petition for dissolution was filed in 1980. Wife, who is 55 years old and partially disabled with a back ailment, receives $480 a month from a disability pension and approximately $100 a month in wages from babysitting. She has approximately $8,500 in a savings account. Husband, age 52, reported a salary in 1980 of $33,400, plus approximately $3,400 interest from investments, and claims exclusive ownership of $36,000 in stocks, bonds and liquid assets which were not considered in the property distribution.
Until 1975, both parties contributed to a joint bank account, husband handling the bills and other financial matters. Appellant contributed her paycheck and was given money for groceries and other expenses. Since the 1975 separation, the parties have maintained separate accounts and have shared the bills, husband paying the mortgage and utilities. The court found that appellant is presently able to work only part time, based on her disability since 1972, and awarded her the marital home, one of two vehicles, lump sum alimony of approximately $13,000, and $1,500 toward the payment of her attorney’s fees. Husband received two lots on a river with a trailer and half-finished house and the other vehicle. The parties do not dispute the division of personal property.
Given the relative assets and incomes of the two parties and the trial court’s finding that wife is partially disabled, we find that the trial court abused its *471 discretion in failing to award periodic alimony to appellant. The case is remanded to the trial court for further proceedings consistent with this opinion.
McCORD, BOOTH and WENTWORTH, JJ., concur.